2015-1785, -1787

---

IN THE
# UNITED STATES COURT OF APPEALS
## FOR THE FEDERAL CIRCUIT

---

## 5TH MARKET, INC.

*Appellant,*

v.

## CHICAGO MERCANTILE EXCHANGE, INC.,

*Cross-Appellant.*

**APPEAL FROM THE UNITED STATES PATENT AND TRADEMARK OFFICE,PATENT TRIAL AND APPEAL BOARD IN CASE NO. CBM2013-00027**

_____

**REPLY AND RESPONSE BRIEF FOR APPELLANT 5TH MARKET, INC.**

_____

O'KELLY ERNST & BIELLI, LLC
Michael K. Botts
Sean O'Kelly
901 N. Market Street
Suite 1000
Wilmington, DE  19801
Telephone:  (302) 778-4000
Facsimile:  (302) 295-2873
COUNSEL FOR APPELLANT                    Dated:  December 28, 2015

# CERTIFICATE OF INTEREST

Counsel for Appellant 5th Market, Inc. certifies the following:

1.  The full name of every party or amicus represented by me is:

5th Market, Inc.

2.  The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:

5th Market, Inc.

3.  All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:

None

4.  The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or agency or are expected to appeal in this Court are:

Sean O'Kelly, George Pazuniak, Michael K. Botts, Robert Axenfeld, and Daniel Murray, O'Kelly Ernst & Bielli, LLC, 901 N. Market St., Suite 1000, Wilmington, DE 19801.

Date:  December 28, 2015

/s/ Michael K. Botts
Signature of Counsel

Michael K. Botts
Printed Name of Counsel

i

# TABLE OF CONTENTS

CERTIFICATE OF INTEREST ............................................................... i

TABLE OF CONTENTS ...................................................................... ii

TABLE OF AUTHORITIES ............................................................... iv

STATEMENT OF RELATED CASES ................................................. vi

ARGUMENT .......................................................................................1

   I.    INTRODUCTION..................................................................1

   II.  PATENT OWNER'S ARGUMENTS IN REPLY TO PETITIONER'S
       RESPONSE..........................................................................1

      A.    Patent Owner's Challenge of the "Printed Publication" is Timely and
             Proper ...................................................................................3

      B.    5th Market's Arguments are Timely .....................................3

      C.    This Appellate Court May Hear this Argument....................6

      D.    Exceptions for Hearing New Arguments ..............................7

         1.  The Proper Resolution is Beyond Any Doubt........................7

         2.  To Avoid Injustice – "In the Interest of Substantial Justice"................8

         3.  "Plain" or "Basic" or "Fundamental" Error by the Board .................11

         4.  Pure Question of Law Needing No Factual Development.................11

5.  Significant Question of General Impact ..............................................12

6.  Excusable Failure to Raise Based on Tactical Decision .....................13

E.  Petitioner's New Arguments to Support its Reference are Untimely .16

F.  Petitioner CME Cannot Show Prejudice .............................................19

III.  PATENT OWNER'S ARGUMENTS IN RESPONSE TO PETITIONER'S CROSS-APPEAL .........................................................................................20

A.  The Board's Confirmation of Substitute Claim 54 was Proper ..........20

1.  Petitioner Failed to Raise the Issue Regarding Claim 54 Below ........20

2.  New Claim 54 was Properly Found Patentable over the Prior Art of Record .................................................................................................21

3.  New Claim 54 does not "Impermissibly Broaden" the Scope of the Claim .................................................................................................23

CONCLUSION ......................................................................................................24

CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE

# TABLE OF AUTHORITIES

**Cases**

*Dean Witter Reynolds, Inc. v. Fernandez,*
    741 F.2d 355 (11th Cir. 1984) ................................................................7

*Forshey v. Principi,*
    284 F.3d 1335 (Fed. Cir. 2002) ...............................................................6

*In re Watts,*
    354 F. 3d 1362 (Fed. Cir. 2004) ..............................................................6

*In re Wyer,*
    655 F.2d 221 (CCPA 1981)......................................................................2

*Interactive Gift Express, Inc. v. Compuserve Inc.,*
    256 F.3d 1323 (Fed. Cir. 2001) ...............................................................7

*L.E.A. Dynatech, Inc. v. Allina,*
    49 F.3d 1527 (Fed. Cir. 1995) ..............................................................7, 8

*Singleton v. Wulff,*
    428 U.S. 106 (1976) ......................................................... 5, 6, 7, 8

**Statutes**

35 U.S.C. 324(e). ...........................................................................................4

**Non-Precedential Opinions**

*Apple, Inc. v. DSS Tech. Mgmt., Inc.,*
    Case IPR2015-00369, slip op. (PTAB Aug. 12, 2015) ......................3, 9

*Elec. Frontier Foundation v. Personal Audio, LLC,*
    Case IPR214-00070 (PTAB Apr. 18, 2014)...........................................10

*Samsung Electronics Co. Ltd v. Rembrandt Wireless Technologies, LP,*
    Case IPR2014-00514 (PTAB Sept. 9, 2014)............................................4

*Square, Inc. v. Unwired Planet, LLC*,
  Case IPR 2014-00156,  (PTAB Feb. 26, 2015)............................................. 10, 17

**Regulations**

37 C.F.R. § 42.51(b) ................................................................................................15

**Other Authority**

MPEP § 2128(I) .........................................................................................................2

## STATEMENT OF RELATED CASES

Appellant/Patent Owner, 5th Market Inc. ["5th Market" or "Appellant"], filed suit for patent infringement against Cross Appellant/Petitioner herein, Chicago Mercantile Exchange, Inc. ["CME" or "Petitioner"], in an action styled: *Fifth Market, Inc. v. CME Group Inc., et al.*, Civil Action No. 08-0520 GMS (D. Del., August 15, 2008).  The litigation was stayed on May 20, 2011, and the Court lifted the stay on June 19, 2013.  The litigation is currently inactive in deference to multiple pending challenges of the patents-in-suit, which were all filed by the Petitioner herein, CME.  To date, Petitioner herein, CME, has filed against the '419 Patent two *ex parte* Reexaminations and the presently appealed CBM Review, and Petitioner herein, CME, has filed against the child patent of the '419 patent, the '387 Patent, an *Inter Parte* Reexamination and two CBM Reviews, with all six actions arguing essentially the same prior art references.  The specific actions described as follows:

In addition to the CBM Review from which this appeal is taken, the '419 Patent, US 6,418,419, was challenged by Petitioner herein, CME, Inc. in two *ex parte* reexaminations – the first (Control No. 90/001,603) filed on March 28, 2011, and the second (Control No. 90/001,618) filed soon thereafter on April 2, 2011. The USPTO merged the two reexaminations and issued a reexamination certificate on February 21, 3013.

A child patent of the '419 Patent, US 7,024,378, was challenged by the Petitioner herein in an *Inter Partes* Reexamination (95/002,032), which was filed on July 2, 2012. The child patent, the '387 Patent, has subsequently been challenged by Petitioner herein, CME, in two CBM Petitions. The first CBM Petition was filed on April 3, 2014 (CBM2014-00114), and the second was filed nine-months later on January 14, 2015 (CBM2015-00061).

A lawsuit pursuant to the Freedom of Information Act ["FOIA"], pursuant to 5 U.S.C. § 552, was filed by an Attorney for Patent Owner/Appellant 5th Market against the Commodity Futures Trading Commission on November 12, 2015, in the United Stated District Court for the Eastern District of Virginia, Newport News Division. *Botts v. CFTC*, Civil Action No. 4:15-cv-122. Mr. Botts is the proper party to the FOIA suit in that he made the FOIA requests. This FOIA enforcement suit is related to the present appeal because the FOIA request being enforced was for information on the validity and date of public accessibility of the Petitioner's asserted CFTC Reference. Appellant 5th Market's issue in this appeal centers on whether the Board erred in applying the CFTC Reference to invalidate claims of the '419 Patent without receiving, considering, or finding facts supporting the qualification of that reference as a 35 U.S.C. § 102 publicly accessible printed publication prior art reference. As of the filing of this Brief, the CFTC has not answered the Complaint.

## ARGUMENT

## I.    INTRODUCTION

The purported prior art reference in question, referred to as the "CFTC Reference," was asserted by Petitioner CME, to be a "printed publication" prior art reference under 35 U.S.C. § 102.  The salient fact in this appeal is that Petitioner CME provided no evidence to substantiate this claim – no evidence whatsoever. The Board's error was in applying the CFTC Reference to invalidate the claims of the '419 Patent on the basis of obviousness, without receiving, considering, or finding any facts supporting that the reference was a proper publicly accessible printed publication.

In its Cross-Appeal, Petitioner argues that the Board violated its own rules and statutes when it failed to consider the application of the prior art of-record when it confirmed 5th Market's proposed amended Claim 54.  5th Market argues that the Board acted entirely properly under the facts of this case and that it actually did consider the prior art of record and applied it to Claim 54.

## II.    PATENT OWNER'S ARGUMENTS IN REPLY TO PETITIONER'S RESPONSE

In the present case, Petitioner CME bore the burden of supporting its asserted printed publication prior art reference.  As long ago stated by the Court:

> [W]hether information is printed, handwritten, or on microfilm or a magnetic disc or tape, etc., <u>the one who wishes to characterize the information</u>, in whatever form it may be, <u>as a</u>

1

> 'printed publication' . . . should produce **sufficient proof of its dissemination** or that it has otherwise been available and accessible to persons concerned with the art to which the document relates and thus most likely to avail themselves of its contents.

*In re Wyer*, 655 F.2d 221, 227 (CCPA 1981) (emphasis added). Further, as stated by the USPTO as a guide to all Patent Examiners and staff:

> A reference is proven to be a "printed publication" "upon a satisfactory showing that such document has been disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject matter or art, exercising reasonable diligence, can locate it."

MPEP § 2128(I) ("A Reference is a 'Printed Publication' if it is Accessible to the Public").

By failing to introduce any supporting evidence through trial, Petitioner CME failed in its burden to provide a "satisfactory showing" of "sufficient proof" that its asserted document qualified as a "printed publication."

During the trial, Petitioner CME had the opportunity to provide evidence supporting its asserted reference as having been made publicly accessible, but failed to do so. As a consequence of CME's failure, or refusal, to produce any evidence that its CFTC Reference was made accessible to the public prior to the crucial date, the Board erred by accepting the document as a "printed publication" without support and by applying it to invalidate claims of the '419 Patent.

There are no facts for this Appellate Court to consider because Petitioner provided nothing to substantiate that its asserted document was a "printed publication."  Petitioner utterly failed to meet its burden to prove its asserted document was a "printed publication."

Throughout trial, Petitioner CME failed to make even a threshold showing of evidence to support that its asserted CFTC Reference was publicly available. Failure to come forward with credible evidence is fatal to a Petition, and it should be equally fatal to a final decision.  *See Apple, Inc. v. DSS Tech. Mgmt., Inc.*, Case IPR2015-00369, slip op. at 5-6 (PTAB Aug. 12, 2015) (Paper 14) (denying institution because Petitioner failed to come forward with any credible evidence establishing public availability).

Having received no evidence in support of the document, the Board erred when it applied the CFTC Reference against the '419 Patent in its Final Decision, without demanding evidence and stating findings that the document was a properly qualified 35 U.S.C. § 102 printed publication.

### A.    Patent Owner's Challenge of the "Printed Publication" is Timely and Proper

Petitioner CME argues that Patent Owner 5th Market "forfeited" its right to challenge to the CFTC document as a valid "printed publication" prior art reference.  5th Market respectfully disagrees for the following reasons:

### B.    5th Market's Arguments are Timely

In general, the PTAB serves as the gatekeeper for CBM and IPR actions, analyzing the sufficiency of petitions and disposing of those that are found insufficient. In this preliminary analysis, various panels of the PTAB have routinely denied institution of actions based on insufficient proof by petitioners to support documents as printed publication prior art references. *See Samsung Electronics Co. Ltd v. Rembrandt Wireless Technologies, LP*, IPR2014-00514 (Sept. 9, 2014) (Paper 8) (denying institution of IPR upon a finding that "Petitioner has not met its burden in establishing that [the asserted document] is a 'printed publication'.") *See Id.*, pp. 6-10.

In the present case, the PTAB panel failed in its Final Decision to review whether the Petition provided sufficient proof of the document's dissemination or accessibility. There is no factual dispute that CME provided no supporting evidence of public accessibility of the document.

The AIA statute provides: "The determination by the Director whether to institute a post-grant review under this section shall be final and nonappealable." 35 U.S.C. 324(e). 5th Market respectfully submits that since appeal of the factual basis of the decision to institute the CBM was a virtual impossibility, 5th Market did not waive its right to object to the factual basis at that time.

Petitioner CME implicitly alleges that at some, unspecified, time during the trial, 5th Market "forfeited" its argument that CME's asserted CFTC Reference

was not a proper "printed publication" because 5th Market had not objected during the trial.  However, 5th Market respectfully argues that it was neither required nor compelled to object.

5th Market also respectfully argues that it was entitled to allow CME to fail at trial due to CME's failure to support its document.  At no time was 5th Market compelled to notify CME of CME's error or failure to support its reference.  5th Market had no duty to fix CME's case.

Petitioner submitted no evidence to meet its burden that the CFTC Reference was publically disseminated "or that it has otherwise been available and accessible to persons concerned with the art to which the document relates and thus most likely to avail themselves of its contents."  *Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976).  No evidence is presumptively an insufficient showing of evidence.

5th Market also respectfully argues that during the trial it was entitled to expect the Board would properly perform its duties to hold CME to CME's burden to prove public accessibility of the reference by "substantial" evidence.  In its final decision, the Board should have enforced the clear burden on Petition, and upon receiving no evidence in support or the reference, should have disregarded the reference.

The Board erred by failing to impose upon CME the burden of proving public accessibility of the document by "substantial" proof.  Since that error did

not arise until the final decision, 5th Market's appeal of the final decision on the ground of this error is timely.

### C.     This Appellate Court May Hear this Argument

Patent Owner 5th Market acknowledges that the *general rule* is that an appellate court will not consider issues not passed on by the Board.  However, exceptions to the general rule exist.  As stated by the Supreme Court:

> It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below.  * * *
>
> The matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, <u>to be exercised on the facts of individual cases</u>.  We announce no general rule.  Certainly there are circumstances in which a federal appellate court is justified in resolving an issue not passed on below, as where the proper resolution is beyond any doubt or where injustice might otherwise result.

*Singleton*, 428 U.S. at 120-21 (emphasis added)(citations omitted).

The existence of certain exceptions to the general rule has been recognized in the Federal Circuit Court of Appeals.  *In re Watts*, 354 F.3d 1362, 1367-68 (Fed. Cir. 2004) ("special circumstances exist . . . that militate against a finding of a waiver"); *Forshey v. Principi*, 284 F.3d 1335, 1355 (Fed. Cir. 2002) (exception for "issues of jurisdiction").

The Federal Circuit Court summarized reasons that may justify considering issues not considered by the court, or PTAB, below.  The Court stated as follows:

> An appellate court will consider an issue not presented below only if: (i) the issue involves a pure question of law and refusal to consider it would result in a miscarriage of justice; (ii) the proper resolution is beyond any doubt; (iii) an appellant had no opportunity to raise the objection at the district court level; (iv) the issue presents "significant questions of general impact or of great public concern[;]" **or** (v) the interest of substantial justice is at stake.

*L.E.A. Dynatech, Inc. v. Allina*, 49 F.3d 1527, 1531 (Fed. Cir. 1995) (emphasis added) quoting *Dean Witter Reynolds, Inc. v. Fernandez*, 741 F.2d 355, 360-61 (11th Cir. 1984); accord *Interactive Gift Express, Inc. v. Compuserve Inc.*, 256 F.3d 1323, 1345 (Fed. Cir. 2001).

### D. Exceptions for Hearing New Arguments

5th Market respectfully submits that the following recognized exceptions apply to allow the arguments for the first time on appeal here.

#### 1. The Proper Resolution is Beyond Any Doubt

The Supreme Court recognized the exception for taking up a matter to be resolved for the first time on appeal when "the proper resolution is beyond doubt." See *Singleton*, 428 U.S. at 120-21 . (quoted above). See also *L.E.A. Dynatech,* 49 F.3d at 1531.

CME's asserted CFTC Reference was the only primary document asserted against every claim. Petition, pp. 24-80. The CFTC Reference was the primary reference applied by the Board in its decision instituting the CBM Review, (Decision, Paper 9, pp. 12-44), in its Final Decision invalidating the claims (Final

Decision, Paper 33, pp. 22-56), and in its Decision upon Rehearing (Decision on Rehearing, Paper 38, pp. 16-17, confirming invalidity pursuant to 35 U.S.C. § 103(a) in view of the CFTC reference in combination with other references).

Disregarding the CFTC reference will, beyond any doubt, leave CME's invalidity allegations insufficient to teach or make obvious all elements of the claims. Without a prior art reference to apply to the claim elements, the Board had no factual basis to find obviousness. Since there is no possible substitute reference for the deficient CFTC Reference, there is no doubt that disregarding that reference would result in an unsupported finding of obviousness. Because removing the CFTC Reference leaves no other resolution other than a lack of prior art to teach all of the claim elements, the proper resolution in this case is beyond doubt – that the invalidity findings of obviousness should be reversed.

### 2. To Avoid Injustice – "In the Interest of Substantial Justice"

"Where injustice might otherwise result" is another exception recognized by the Supreme Court in *Singleton*. See *Singleton*, 428 U.S. at 120-21 (quoted above), and see *L.E.A. Dynatech*, 49 F.3d at 1531 (quoted above).

The injustice is that 5th Market is denied the benefit of the statutory and precedential protections guiding the PTAB to enforce the burden of proving that an asserted printed publication prior art reference has been made public or publicly accessible.

Other Boards at the PTAB understand their duty to enforce the burden of the

Petitioner to prove the asserted document.  See *Apple v. DSS Technology*

*Management, Inc.*, Case IPR2015-00369, slip op. (PTAB Aug. 12, 2015) (Paper

14) (Decision on Petitioner's Request for Rehearing) (non-precedential), stating as

follows:

> Because Apple did not, however, make a sufficient preliminary
> showing that Barber is a "printed publication" within the meaning of
> 35 U.S.C. § 102, i.e., that Barber was publicly accessible before the
> critical date, we declined to institute *inter partes* review based on
> Apples' proposed challenge over Barber.

*Id*. at 2-3.  The Board in *Apple* also stated:

> Pursuant to 35 U.S.C. § 314(a), Apple had the burden to establish in
> its Petition a reasonable likelihood of success, including, among other
> things, making a threshold showing that Barber is a 'printed
> publication' within the meaning of 35 U.S.C. §§ 102 and 311(b)."

*Id.* at 5.

In another decision, denying a request for rehearing, the Board again

acknowledged and emphasized the Petitioner's burden to support its reference on

the Petitioner, stating persuasively:

> [W]e [the Board] do not assume facts that the Petitioner must prove in
> its Petition, namely . . . that, as of that date, [the document] was
> *publicly accessible*.  Moreover, it is not the Board's task to prove that
> the date on the face of [the document] is *not* the publication date;
> instead, Petitioner must show that the references that it relies upon to
> challenge the patentability of the claims of the '100 patent are
> appropriate prior art for covered business method patent review.  37
> C.F.R. § 42.304(b)(2)

*Square, Inc. v. Unwired Planet, LLC*, Case IPR 2014-00156, slip op. at 6-7 (PTAB

Feb. 26, 2015) (Paper 22) (Decision denying Request for Rehearing) (non-

precedential) (emphasis in original), citing additionally *Elec. Frontier Foundation*

*v. Personal Audio, LLC*, Case IPR214-00070, slip op. at 20-24 (PTAB Apr. 18,

2014) (Paper 21) (Petitioner bears the burden of proving that a reference is a

printed publication).

     The burden is on the Petitioner, as the Board in *Square, Inc.* emphasized in

its ruling as follows:

>     Petitioner must present its arguments in its Petition, and cannot
> expect the Board to institute review based on arguments not made and
> evidence not identified.  *See, e.g., DeSilva v. DiLeonardi*, 181 F.3d
> 865, 866-67 (Fed. Cir. 1999) ("A brief must make all arguments
> accessible to the judges, rather than ask them to play archeologist with
> the record."); *A.C. Dispensing Equip. Inc. v. Prince Castle LLC*, Case
> IPR2014-00511, slip op. at 5-6 (PTAB Sep. 10, 2014 (Paper 16)
> ("Petitioner should not expect the Board to search the record and
> piece together the evidence necessary to support Petitioner's
> arguments.").

Case IPR 2014-00156, slip op. at 5 (PTAB Feb. 26, 2015).

     Although the cases cited above enforced the Petitioner's burden to prove its

case at the filing stage of the proceedings, they support 5th Market's argument that

the burden exists, and that burden continues through trial.  Because no supporting

evidence was submitted or considered through the final decision, Petitioner's

burden remained unchanged and not satisfied.

It would be unjust to allow this Board to ignore the duty to enforce the Petitioner's burden to establish that the reference it relies on is qualified.  Other patent owners have received the benefit of their Boards' proper application of Petitioner's statutory burden, and it would be fundamentally unjust for this Board to invalidate 5th Market's patent without also holding Petitioner to its burden.

### 3.  *"Plain" or "Basic" or "Fundamental" Error by the Board*

Petitioner submitted no evidence that the CFTC Reference was made publicly accessible prior to the filing date of the '419 Patent.  The Board made no findings that the CFTC Reference was a proper qualified publicly accessible printed publication prior art reference.

5th Market respectfully argues that the Board's use of the CFTC Reference in its Final Decision as a primary invalidating reference, without receiving any evidence in support that it was publicly accessible, and without making any findings justifying applying the reference to invalidate the '419 Patent is a plain, basic, and fundamental error by the Board, which justifies this Court to consider this issue in this appeal.

### 4.  *Pure Question of Law Needing No Factual Development*

The first pure question of law is whether a patent may be invalidated without the Petitioner providing any evidence supporting that an asserted printed

publication prior art reference was made public or publicly accessible prior to the effective filing date of the patent in question.

The corollary question of law is whether a PTAB Board may make a final decision invalidating a patent without receiving any evidence supporting the asserted printed publication prior art reference and without making any findings that such asserted reference qualified under 35 U.S.C. § 102.

There are no facts in dispute.  There was no evidence submitted and there were no findings by the Board.  5th Market respectfully argues that as a matter of law, the CFTC Reference is not proven as a publicly accessible printed publication due to a total lack of supporting evidence, and it therefore could not be applied by the Board as a prior art reference to invalidate claims of the '419 Patent.

### 5. Significant Question of General Impact

The significant question is whether one panel of the PTAB may ignore the burden on a Petitioner while other panels enforce the rule.  The answer to this question is of significant importance to both Petitioners and Patent Owners. Petitioners have an interest in having the same degree of scrutiny applied to all petitions – the Board applying the burden to some Petitioners but allowing others to slip through.  Likewise, Patent Owners have an interest in knowing that the statutes and case law precedent will be enforced before their patents are taken away from them.  The Board's failure in its Final Decision to consider whether the

Petitioner had produced substantial evidence supporting the asserted CFTC Reference, but apply the CFTC Reference anyway, denied 5th Market of its property right and significantly impacted 5th Market.

### 6. *Excusable Failure to Raise Based on Tactical Decision*

This argument begins with the premise that 5th Market expected the Board to disregard the CFTC Reference for lack of support as a printed publication prior art reference.  The Board could have ruled that CME failed at trial to prove its claimed grounds of invalidity for lack of support for one of the asserted prior art references.  5th Market allowed that scenario to play out.

5th Market was in a position to allow CME to fail to prove its case, and count on the Board to do its duty.  In the alternative, 5th Market could have explained to CME the deficiencies in the Petition and thereby directed CME on how to fix the potentially fatal error.  5th Market chose to allow Petitioner to fail.

It was perhaps unchivalrous for 5th Market to not rescue Petitioner's case for it, but no duty was owed to Petitioner to do so.  The Board, on the other hand, had a duty to enforce the standard of substantial evidence to support a document as a printed publication, and the obligation to enforce the burden to provide the supporting evidence on the Petitioner.

Petitioner CME argues in its Response that a certain Declaration that was submitted during trial in a later CBM Review of a different, but related patent, was relevant to this Appeal. More specifically, CME misleadingly states as follows:

> During CBM2014-00114, the Board also noted that, in addition to CME's Petition and exhibits, 5th Market itself submitted evidence that supports CME's position that the CFTC reference is a prior art printed publication. [Cite] In particular, the Board noted a declaration filed by 5th Market from Mr. Wheeler, a paralegal specialist at the [CFTC] [the "Wheeler Declaration"] ....

Pet. Resp. at 38-39.

5th Market emphasizes that the declaration cited by Petitioner CME in its Responsive Brief is from a different CBM Review and has never before been discussed in this Appeal or before the Board below. The other CBM Review is Federal Circuit Appeal No 16-1151. There are significant arguments and evidence regarding the credibility and accuracy of the declaration that 5th Market will present in that appeal, but which are not relevant to the present appeal because the declaration was never submitted to the Board in the Review below.

More disturbing than withholding the declaration until now is that Petitioner CME's Response deceptively gives the impression that the Wheeler Declaration was obtained by 5th Market and withheld from the Board in this case. To the contrary, as evidence will show in the 16-2252 Appeal, CME itself wrote and obtained the Wheeler Declaration back in 2011. 5th Market submitted the declaration in the other case because it had recently obtained sufficient evidence to

14

challenge the public accessibility of the CFTC Reference, and along with that challenge, 5th Market had an ethical obligation to also produce any evidence inconsistent that argument. *See* 37 C.F.R. § 42.51(b)(1)(iii)(b) ("Unless previously served, a party must serve relevant information that is inconsistent with a position advance by the party during the proceeding concurrent with the filing of the documents or thins that contains the inconsistency.")  5th Market did not submit the Declaration endorsing it as an applicable authority, but rather pursuant to its ethical obligation.

5th Market did not submit the Wheeler Declaration to the Board in the present action because it was not necessary.  Petitioner CME had already made a potentially dispositive mistake by failing to support the CFTC Reference.

Since Petitioner CME has now raised the issue of the Wheeler Declaration in this Appeal, its real importance to this case may be discussed – Why didn't CME give the declaration to the Board during the pendency of this CBM Review?

As disclosed by Petitioner CME in its Response, CME had in its possession a declaration that it could have used to supply at least some support to the legitimacy of the CFTC Reference.  However, CME chose not to give that declaration to the Board.  CME apparently <u>intentionally withheld</u> its declaration that purportedly supported its printed publication as being publicly accessible.

15

Finally, if CME itself did not believe the Wheeler Declaration it had obtained was persuasive or reliable enough to submit to the Board to support public accessibility of CME's CFTC Reference, then this Appeals Court should disregard CME's argument in its Response Brief that the Declaration supports affirming the Board.

5th Market knew that Petitioner CME was pursuing its trial based on an unsupported asserted prior art reference, thereby risking that the Board would disregard the document.  5th Market further knew that CME had in its possession a declaration that might have been used by CME to support the reference, and 5th Market further knew that CME did not submit that declaration to the Board.  5th Market allowed CME to fail, and but for the Board's error of invalidating the patent claims without findings of fact that the CFTC Reference was valid under 35 U.S.C. 102, CME would have failed.

### E.     Petitioner's New Arguments to Support its Reference are Untimely

Petitioner CME apparently argues that its CFTC Reference was publicly accessible based on a citation to stamps and dates on the face of the document, which argument is made for the first time in Petitioner's Response Brief.  Pet. Resp. pp. 21 and 37-38.  CME did not make this argument previously.

As discussed by the Board in *Square, Inc.*, in a similar fact situation where the Petitioner failed to argue its date evidence in its petition, in the context of a motion by the petitioner for a rehearing, the *Square, Inc.* Board ruled as follows:

> [I]n its Petition, the Petition does not argue, or even mention, that the copyright notice date for [the document] is September 30, 1996, or that a copyright notice date is prima facie evidence of publication.
>
> Petitioner must present its arguments in its Petition, and cannot expect the Board to institute review based on arguments not made and evidence not identified. *See, e.g., DeSilva v. DiLeonardi*, 181 F.3d 865, 866-67 (Fed. Cir. 1999) ("A brief must make all arguments accessible to the judges, rather than ask them to play archeologist with the record."); *A.C. Dispensing Equip. Inc. v. Prince Castle LLC*, Case IPR2014-00511, slip op. at 5-6 (PTAB Sep. 10, 2014 (Paper 16) ("Petitioner should not expect the Board to search the record and piece together the evidence necessary to support Petitioner's arguments.").

*Square, Inc. v. Unwired Planet, LLC*, Case IPR 2014-00156, slip op. at 4-5 (Paper 22) (Decision denying Request for Rehearing) (non-precedential).

5th Market respectfully argues that the Petitioner in the *Square, Inc.* case failing to argue the copyright date until a motion for rehearing is analogous to the present case where Petitioner CME failed to argue the presence of dates and stamps until its Response Brief on Appeal.

To whatever extent CME is now arguing that dates and stamps on the document establish public accessibility, 5th Market respectfully argues that such

belated arguments are insufficient and improper and should be disregarded by this Court.

Within the context of late submitted evidence in support of the validity of its reference, 5th Market again discusses Petitioner CME's newly introduced Wheeler Declaration. The Wheeler Declaration was obtained by CME in 2011 and CME failed or refused to produce it to the Board in support of the CFTC Reference. 5th Market respectfully argues that introducing the declaration now, in a Response Brief in Appeal, is too late to be considered in support of the Reference. Petitioner CME chose to permit the Board to evaluate the CFTC Reference without the Wheeler Declaration and avoided discovery by 5th Market as to the veracity and authority of the declaration. Had 5th Market been given the opportunity to address the Wheeler Declaration properly, 5th Market would have done so.

5th Market respectfully argues that the Wheeler Declaration should be disregarded in this Appeal as evidence of the qualification of the CFTC Reference. However, this Court should take into consideration the existence of the Declaration and the fact that CME chose to not submit it to the Board, when evaluating the lack of prejudice against CME if the invalidity of the '419 Patent Claims is reversed. Put another way, in the event that the invalidity of the `419 Patent claims is reversed, CME will have ample opportunity to put forth the Wheeler Declaration

for the Board's consideration.  There will, therefore, be no prejudice to CME.  Not

<u>reversing</u>, however, will indisputably prejudice 5th Market.

### F.     Petitioner CME Cannot Show Prejudice

Petitioner CME and its attorneys at Finnegan are believed to be well versed

in patent law, and should have known of the rule of their burden to support the

public accessibility of their asserted reference.  This burden should not have been a

surprise to Petitioner.

As discussed above regarding justification of 5th Market's tactics in not

reminding CME of its burden to prove its document, CME itself wrote and

obtained the signature from a CFTC employee purportedly authenticating and

dating public accessibility of the CFTC Reference in 2011, the Wheeler

Declaration.  Significantly, CME apparently made a conscious decision to

withhold that declaration from the Board in this action.

The Board invalidated the '419 claims by applying the CFTC Reference

without any findings that the reference qualified as a prior art reference under 35

U.S.C. § 102.  However, CME failed to give the Board any evidence upon which

the Board could have made a finding.  Most significantly, CME withheld from the

Board the Wheeler declaration, which the Board may have used in its findings.

Therefore, the Board's error in not findings facts to support the CFTC Reference as

a proper prior art printed publication is not prejudicial to CME because CME itself contributed to the error.

## III.   PATENT OWNER'S ARGUMENTS IN RESPONSE TO PETITIONER'S CROSS-APPEAL

### A.   The Board's Confirmation of Substitute Claim 54 was Proper

Petitioner CME argues that the Board erred in its method of considering the prior art of record when confirming 5th Market's proposed amended Claim 54. Pet. Resp. pp. 40-47. Petitioner couches its argument as a violation of the Board's own regulations and statutes. 5th Market respectfully disagrees and argues as follows:

### 1.   *Petitioner Failed to Raise the Issue Regarding Claim 54 Below*

Petitioner CME failed to argue unpatentability of proposed substitute claim 54 to the Board. As stated by the Board:

> Lastly, CME contends that 5th Market's Motion to Amend fails to show that the proposed, substitute claims 50-72 are patentable over the prior art, in general. Opp to Amend 10-12. CME's argument in this regard focuses solely on proposed, substitute independent claim 50. CME does not present separate unpatentability arguments against proposed, substitute dependent claim 54.

JA68.

5th Market respectfully argues that Petitioner CME should not be permitted to submit new claims and arguments to invalidate Claim 54 after it failed to do so

to the Board below.  There are no exceptions to the rule against deciding issues not

presented in a court below that would apply to CME's new arguments and claims.

### 2. New Claim 54 was Properly Found Patentable over the Prior Art of Record

Petitioner CME argues that "the Board failed to assess whether claim 54 is

patentable of *either* the prior art in general *or* all of the prior art of record."  Pet.

Resp., p. 40 (emphasis in the original).

5th Market respectfully argues that Petitioner is entirely incorrect in its

statement that "the Board failed to assess the patentability of Claim 54 over the

prior art of record."  Pet. Resp. pp. 40-51.  In fact, the Board clearly considered the

application of the prior art against proposed substitute Claim 50, and found as

follows:

> 5th Market proposes substitute dependent claim 54 that only
> narrows the scope of challenged dependent claim 5 to overcome
> an indefiniteness problem.  Under these particular
> circumstances, 5th Market does not need to do more to
> demonstrate patentability over the prior art, in general.
> Dependent claim 5 was examined by the United States Patent
> and Trademark Office ("Office") , and it further survived the
> unpatentability challenge by CME over prior art.  This factual
> circumstance, without more, together with our determination
> that proposed, substitute dependent claim 54 only narrows the
> scope of challenged dependent claim 5 to cure an indefiniteness
> problem, is sufficient to satisfy 5th Market's burden of
> demonstrating the patentability of proposed, substitute
> dependent claim 54 over prior art, especially given the absence
> of additional prior art cited and applied by CME when opposing
> 5th Market's Motion to Amend.

JA65.

The Board fully assessed the proposed claim against the prior art of record and explicitly stated its findings in its Decision Granting-in-part Patent Owner's Request for Rehearing. There is no merit in Petitioner CME's argument that patentability over the prior art was not assessed by the Board.

5th Market notes that Petitioner's insistence that the merely narrowed new Claim 54 be compared to all prior art of record would create a timely, expensive, and needless exercise in analysis. During the litigation of 5th Market's patent infringement claim against CME, CME dumped nearly 1,200 pieces of asserted prior art on 5th Market. 5th Market has examined and seriously questions the relevance of many of the dumped references.

When CME filed its two requests for *Ex Parte* Reexamination of the '419 Patent, 5th Market was compelled to file that heap of references in an information disclosure statement ["IDS"]. See the electronic record of 90/011,603 and 90/011,818 (combined) listing the prior art references. Many more dumped references are not listed on the electronic record because they had to be filed under seal. CME is apparently seeking to force 5th Market to analyze its claim with a mere narrowing amendment against the 1,200 dumped references. The burden on 5th Market, and on the Board to read and consider the analysis, is unnecessary and overly burdensome under the facts in this case.

As analyzed by the Board, and quoted above, the new Claim 54 merely narrows the scope of Claim 5. No new matter is added. Claim 5 has already been examined, and re-examined, against all prior art of record under the standard of the broadest reasonable construction, and it was found allowable. A narrowing amendment to correct an indefiniteness problem does not invoke a rationale for a complete re-analysis of prior art already applied to the claim, particularly against 1,200 prior art references of questionable value.

### 3. New Claim 54 does not "Impermissibly Broaden" the Scope of the Claim

Petitioner CME argues that the narrowing amendment to Claim 5 that resulted in the confirmation of new Claim 54 was an impermissible broadening amendment. Pet. resp. p. 39-50.

The amendment of Claim 5 to new Claim 54 merely removed one of two methods by which the claim could be infringed. As clearly found and explained by the Board:

> CME does not explain sufficiently why the term "or" should be construed to mean "and" in the context of the claim. As we explained in the Final Decision, because the claim phrase "means for matching or comparing" includes alternative language, i.e., "or," it includes two alternative means-plus-function limitations that should be addressed separately. Dec. 16-17. In fact, during the course of this proceeding, CME does not dispute that two separate algorithms are required to be disclosed in the Specification of the '419 patent – one to perform the function of matching and one to perform the function of comparing. *See* Paper 24, 14-15. <u>Taking two</u>

23

> <u>alternative means-plus-function limitations and removing one</u>
> <u>alternative – in this case, "means for comparing" – effectively</u>
> <u>narrows the scope of challenged independent claim 1</u>.  In other
> words, we agree with 5th Market that removing one of two
> alternatives, leaving only one possibility, does not enlarge the
> scope of a claim.  Mot. to Amend 8.  Therefore, contrary to
> CME's assertion, 5th Market satisfies the requirement in the
> *Idle Free* decision that a patent owner may not broaden a
> challenged claim in any respect because proposed, substitute
> independent claim 50 removes one of two alternative means-
> plus-function limitations, thereby narrowing the scope of
> challenged independent claim 1.

JA66-67.  (emphasis added)

## CONCLUSION

This Court should reverse the Board's invalidation of the claims of the '419

Patent on the basis that the asserted prior art reference, the CFTC Reference, was

not established by any facts to be a proper publicly accessible printed publication,

and because the Board failed to make any findings of fact that the CFTC Reference

was a qualified prior art reference under 35 U.S.C. § 102.

The Court should affirm the Board's confirmation of Claim 54 based on a

narrowing amendment to avoid an indefiniteness problem was proper under the

facts of the case.


Dated:  December 28, 2015              Respectfully submitted,

                                      /s/ Michael K. Botts
                                      Michael K. Botts
                                      Sean T. O'Kelly

O'KELLY ERNST & BIELLI, LLC
901 North Market Street, Suite 1000
Wilmington, Delaware  19801
(302) 778-4000 (Telephone)
(302) 295-2873 (Facsimile)
mbotts@oeblegal.com
sokelly@oeblegal.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of December, 2015, I caused this Reply Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

Charles T. Collins-Chase
Justin Luffredo
Timothy P. McAunlty
FINNEGAN, HENDERSON,
FARABOW
GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC 20001
(202) 408-4000

*Counsel for Cross-Appellant*

Erika Arner
FINNEGAN, HENDERSON,
FARABOW
GARRETT & DUNNER, LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190
(571) 203-2700

*Counsel for Cross-Appellant*

Upon acceptance by the Clerk of the Court of the electronically filed document, the required number of copies of the Brief of Appellant will be hand filed at the Office of the Clerk, United States Court of Appeals for the Federal Circuit in accordance with the Federal Circuit Rules.

/s/ Michael K. Botts
*Counsel for Appellant*

## CERTIFICATE OF COMPLIANCE

1.   This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

     [ X ] this brief contains [*5,073*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

     [    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.   This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

     [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

     [    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated:  December 28, 2015              /s/ Michael K. Botts
                                       *Counsel for Appellant*